**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| CARLOS ALBERTO OCHOA-OROZCO | § | |
| | § | |
| VS. | § | **CIVIL ACTION NO. 4:20cv518** |
| | § | **CRIMINAL ACTION NO. 4:17cr47(2)** |
| UNITED STATES OF AMERICA | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

*Pro se* Movant Carlos Albert Ochoa-Orozco filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, challenging his Eastern District of Texas, Sherman Division conviction. The motion was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636, and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge. After a careful review of the case, the court recommends the § 2255 motion be denied.

**I. PROCEDURAL BACKGROUND**

A grand jury charged Movant with conspiracy to posses with the intent to manufacture and distribute 500 grams or more of methamphetamine or 50 grams or more of methamphetamine (actual), in violation of 21 U.S.C. § 846. The conspiracy occurred from sometime in or about January 2016, and continuously thereafter up to and including March 8, 2017. Crim. ECF (Dkt. #23).[1] The grand jury returned a first superseding indictment three months later, but the charge

---

[1] When referring to documents in the underlying criminal case of 4:17cr47(2), the court will cite to Crim. ECF, followed by the docket number, i.e., Crim. ECF (Dkt. #27). When referring to documents in the instant § 2255 civil motion, the court will simply reference the relevant docket number, i.e., (Dkt. #1).

against Movant did not change.  Crim. ECF (Dkt. #36).  On September 8, 2017, Movant proceeded to trial.  Crim. ECF (Dkt. #99).  During the second day of trial, on September 11, 2017, Movant pled guilty to Count One of the superseding indictment without a plea agreement.  Crim. ECF (Dkt. #102).  The District Court sentenced Movant to 365 months' imprisonment.  Crim. ECF (Dkt. #151).  On March 14, 2019, the District Court amended the Judgment to correct a clerical error pursuant to Fed. R. Crim. P. 36.  Crim. ECF (Dkt. #169).  On April 4, 2019, the United States Court of Appeals for the Fifth Circuit remanded the case to correct the clerical error (that was corrected on March 14, 2019), but affirmed in all other respects.  Crim. ECF (Dkt. #171).  On October 7, 2019, the Supreme Court of the United States denied Movant's petition for writ of certiorari.  Crim. ECF (Dkt. #172).

Movant filed the instant § 2255 motion on June 28, 2020, the date he states he placed it in the prison mailing system, *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998).  (Dkt. #1).  Movant asserts his trial attorney was ineffective on eighteen issues and his appellate attorney was ineffective on one issue.  In its Response (Dkt. #15), the Government argued that Movant is not entitled to any relief, to which Movant filed a Reply (Dkt. #17).  Movant also filed an Addendum (Dkt. #22), which the court considered in the deliberation of this case, but only to the extent it served to clarify claims already raised.

## II. STANDARD FOR FEDERAL HABEAS CORPUS PROCEEDINGS

As a preliminary matter, it should be noted that a § 2255 motion is "fundamentally different from a direct appeal."  *United States v. Drobny*, 955 F.2d 990, 994 (5th Cir. 1992).  A movant in a § 2255 proceeding may not bring a broad-based attack challenging the legality of the conviction.  The range of claims that may be raised in a § 2255 proceeding is narrow.  A "distinction must be

drawn between constitutional or jurisdictional errors on the one hand, and mere errors of law on the other." *United States v. Pierce*, 959 F.2d 1297, 1300-1301 (5th Cir. 1992) (*citations omitted*). A collateral attack is limited to alleging errors of "constitutional or jurisdictional magnitude." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). Conclusory allegations, which are unsupported and unsupportable by anything else contained in the record, do not raise a constitutional issue in a habeas proceeding. *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983).

### III.  INEFFECTIVE ASSISTANCE OF COUNSEL

Movant asserts he is entitled to relief based on ineffective assistance of counsel. A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction requires the defendant to show the performance was deficient and the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." *Id*. at 700. A movant who seeks to overturn his conviction on the grounds of ineffective assistance of counsel must prove his entitlement to relief by a preponderance of the evidence. *James v. Cain*, 56 F.3d 662, 667 (5th Cir. 1995). The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. *Strickland*, 466 U.S. at 690. The right to counsel does not require errorless counsel; instead, a criminal defendant is entitled to reasonably effective assistance. *Boyd v. Estelle*, 661 F.2d 388, 389 (5th Cir. 1981).

A movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S.

at 694.  Movant must "affirmatively prove," not just allege, prejudice. *Id*. at 693. If he fails to prove

the prejudice component, a court need not address the question of counsel's performance. *Id*. at 697.

When a movant pleads guilty, as in this case, he must also show that, but for trial counsel's alleged

deficient performance, he would not have pled guilty and would have insisted on going to trial.  *Hill*

*v. Lockhart*, 474 U.S. 52, 57-59 (1985); *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir., 2000)

(requiring defendant to show a reasonable probability that, but for counsel's allegedly erroneous

failure, he would have insisted on trial).

A.      **Failure to Obtain Movant's Original Statement**

        Movant first claims he is entitled to relief because Counsel failed to obtain an audio recording

of the statement he made to law enforcement on the day of his arrest.    Movant contends the

statement "could help the Petitioner with the dismissal of entire case."  (Dkt. #1 at 3).

        It is well-settled that defense counsel must engage in a reasonable amount of pretrial

investigation, and "at a minimum, . . . interview potential witnesses and . . . make an independent

investigation of the facts and circumstances of the case." *Nealy v. Cabana*, 764 F.2d 1173, 1177 (5th

Cir. 1985).   A defendant who alleges a failure to investigate must allege with specificity what the

investigation would have revealed and how it would have altered the outcome.  *Gray v. Lucas*, 677

F.2d 1086, 1093 (5th Cir. 1982).   Movant cannot make a case for ineffectiveness by making

conclusory claims based on counsel's failure to file motions, make objections, or follow his

instructions.  *United States v. Demik*, 489 F.3d 644, 647 (5th Cir. 2007).   In analyzing whether

counsel is ineffective for failing to file motions, a determination of ineffectiveness "depends on

whether a motion or an objection would have been granted or sustained had it been made." *United*

*States v. Oakley*, 827 F.2d 1023, 1025 (5th Cir. 1987).  It is well-settled that counsel is not required

to argue or file meritless objections or motions.  *United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995).  Federal habeas corpus relief is granted only when  the error is so extreme that it constitutes a denial of fundamental fairness under the Due Process Clause.  *Skillern v. Estelle,* 720 F.2d 839, 852 (5th Cir. 1983).

The court first notes that Movant fails to show an audio recording exists of his arrest or that it would have resulted in the dismissal of his case.  Furthermore, Movant pled guilty to the charge of being part of a conspiracy to posses with the intent to manufacture and distribute methamphetamine.  At his plea hearing, he testified that he agreed with the Government's representations of the facts.  Crim. ECF (Dkt. #164 at 15).  He affirmed it was his signature on the Factual Basis, and that he understood it and agreed with the facts presented therein.  *Id.*  Movant affirmed that he was pleading guilty freely, voluntarily, and knowingly because he was, indeed, guilty.  *Id.* at 22.  Movant fails to show that, but for Counsel's alleged error, the outcome of his case would have been altered.  *Strickland*, 466 U.S. at 694.  This issue is meritless.

## B.    Failure to Investigate and Object

Movant next claims Counsel failed to investigate and raise an issue concerning venue.  He asserts that every action of the conspiracy occurred in the Northern District of Texas – not the Eastern District of Texas.  (Dkt. #1 at 25-26).  It is well-settled that venue is proper in any district where the agreement to conspire was formed or an overt act in furtherance of the conspiracy occurred.  *United States v. Caldwell*, 16 F.3d 623, 624 (5th Cir. 1994).  Movant stated in the Factual Basis that venue was proper in the Eastern District of Texas.  Crim. ECF (Dkt. #101 at 1).  He further stated his role was "to safeguard kilogram quantities of methamphetamine . . . which would then be distributed . . . in the Eastern and Northern Districts of Texas."  Crim. ECF (Dkt. #101 at 2).

Movant even raised this issue at the status conference held on August 24, 2017, at which time the District Court explained that if any part of the conspiracy occurred in the Eastern District of Texas, which it did, then venue was appropriate. Crim. ECF (Dkt. #159 at 19). "[V]enue is just not an issue when you've got a conspiracy charge, under the circumstances." *Id.* Thus, any argument trial counsel would have advanced in this vein would have been frivolous. Counsel cannot be held to be ineffective for failing to argue frivolous claims. *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990).

**C.**     **Failure to File Motion to Suppress the Search Warrant**

Movant complains that Counsel was ineffective by failing to file a motion to suppress the search warrant. (Dkt. #1 at 4). Specifically, he claims the search warrant contained the wrong name or a fictitious name, and that law enforcement violated the "knock and announce" rule when executing the search warrant. *Id.* at 4, 31.

Failure to file a suppression motion does not constitute *per se* ineffective assistance of counsel. *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986). Defense counsel is not automatically required to file a motion to suppress a search warrant in every case involving evidence or statements obtained during the execution of a search warrant; instead, counsel must use professional discretion in deciding whether there are sufficient grounds for the motion. To show that Counsel was ineffective for failing to file a motion to suppress, Movant is required to show that (1) a suppression motion would have been meritorious, (2) Counsel's failure to file one was objectively unreasonable, and (3) but for Counsel's deficient performance in that regard, he would not have pled guilty. *Ward v. Dretke*, 420 F.3d 479, 487-88 & n. 19 (5th Cir. 2005).

Movant fails to provide any evidence to meet his burden. First, he was not named in the search warrant. Also, as was discussed at a status conference held on August 24, 2017, the Movant

did not reside at the house that was identified in the search warrant. Crim. ECF (Dkt. #159 at 5-8). Therefore, Movant did not have a reasonable expectation of privacy at that resident, resulting in him having no standing to challenge the search warrant. *Id*. The District Court agreed, "I can't envision a way that [Movant] would have a reasonable expectation of privacy and have standing to raise that issue." *Id.* at 8. "[S]tanding to contest the validity of a search . . . depends on whether [a] defendant is able to establish an actual, subjective expectation of privacy with respect to the place being searched . . . which society would recognize as reasonable." *United States v. Kye Soo Lee*, 898 F.2d 1034, 1037-38 (5th Cir. 1990) (citing *Rakas v. Illinois*, 439 U.S. 128, 151 (1978)). Accordingly, any argument trial counsel would have advanced in this vein would have been frivolous. Counsel cannot be held to be ineffective for failing to argue frivolous claims. *Koch,* 907 F.2d at 527.

### D.    Failure to Investigate the Search Warrant

Movant contends Counsel was ineffective for failing to investigate the search warrant because it authorized a search for "actual drugs" and not drugs that were still in liquid form or being manufactured. (Dkt. #1 at 4). As noted above, Movant had no standing to challenge the search warrant. Nonetheless, the Presentence Report ("PSR") shows that when the search warrant was executed, Movant and a co-conspirator were found in the kitchen standing over two pots of methamphetamine that were cooking on the stove in plain view of the officers. Crim. ECF (Dkt. #144 at 5). Therefore, the drugs were in plain view and could be lawfully seized whether or not they were specified in the search warrant. *United States v. Virgil*, 444 F.3d 447, 451 (5th Cir. 2006) (police may seize items without a search warrant if the police lawfully entered the area, the item was in plain view, the incriminating nature of the item was immediately apparent, and the police had a lawful right of access to the item). Additionally, agents witnessed Movant and a co-defendant

"unloading three heavy garbage bags from the cargo area of a vehicle." Crim. ECF (Dkt. #144 at 3). After the undercover agent ("UC") entered the residence, the UC was shown three large garbage bags of a "newly-arrived load of 'Ice.'" *Id*. at 4. Drug Enforcement Agency agents seized 32.66 kg of methamphetamine and 396.38 grams of "Ice" that day. *Id.* at 5. This issue is without merit.

**E.**      **Counsel Convinced Movant to Waive Preliminary and Detention Hearings**

Movant next asserts that Counsel erred when he convinced him to waive the preliminary and detention hearings. He claims Counsel could have argued his innocence and moved for pre-trial release on bail. (Dkt. #1 at 5, 17).

At the hearing in which he waived the Preliminary and Detention Hearings, Movant told the Magistrate Judge that he voluntarily waived both hearings. Crim. ECF (Dkt. #166 at 3-5). He told the Court he had consulted with Counsel and understood the consequences of waiving the hearings. *Id.* Solemn declarations in open court carry a strong presumption of verity. *United States v. Lampazianie,* 251 F.3d 519, 524 (5th Cir. 2001) (quoting *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). The record further shows that Counsel double-checked with Movant to ensure he wished to waive the hearings. Crim. ECF (Dkt. #166 at 7). The record contradicts Movant's allegation, and he fails to show evidence of any prejudice resulting from Counsel's advice to waive the hearings. *Strickland*, 466 U.S. at 694. The issue is meritless.

**F.**      **Counsel Made Movant Sign the Hearing Waiver with Different Charges**

Movant alleges Counsel made him sign the waiver of hearings that presented a different charge. (Dkt. #1 at 5). The document, "Waiver of Preliminary Examination or Hearing," shows that Movant was charged with "Conspiracy to Possess with Intent to Manufacture and Distribute Methamphetamine," as did both indictments. Crim. ECF (Dkt. #19). Furthermore, at the hearing,

held on March 13, 2017, in which Movant waived the Preliminary and Detention Hearings, Movant

told the court that he understood the crime for which he had been charged.   Crim. ECF (Dkt. #166

at 5 ).  Movant  also affirmed that he was waiving both hearings voluntarily.   *Id.* at  3-5.  Solemn

declarations in open court carry a strong presumption of verity.  *Lampazianie,* 251 F.3d at 524.

Movant fails to show Counsel erred or how he was prejudiced.  *Strickland*, 466 U.S. at 694.

## G.    Counsel Lied About a Continuance

Movant argues that Counsel lied when he told him the Government had filed a motion for

continuance on May 15, 2017.  (Dkt. #1 at 5).  He argues that Counsel lied to him because he knew

that Movant wanted to be at a particular hearing.  Movant asserts this was the reason Counsel pushed

him into waiving the Preliminary and Detention hearings.  *Id.*  A review of the record, however,

shows that neither party filed a motion for continuance on May 15, 2017, nor did a hearing take place

on that date.  *See* Crim. ECF 4:17cr47(2).  It is unclear which hearing Movant wished to attend.

Movant points to nothing in the record showing that Counsel lied to him about a Government-filed

continuance or how any alleged lie caused him to suffer prejudice.  *Strickland*, 466 U.S. at 694. This

issue is without merit.

## H.    Failure to Request a Speedy Trial

Movant complains that Counsel did not file a motion for a speedy trial.  (Dkt. #1 at 5).  The

Speedy Trial Act requires that federal criminal defendants be tried within seventy non-excludable

days from the filing date of the indictment or from the date of the defendant's initial appearance

before a judicial officer, whichever occurs later.  18 U.S.C. § 3161 ( c) (1); *United States v. Willis*,

958 F.2d 60, 62 (5th Cir. 1992).  The Act, however, specifies that certain days are to be excluded

from the 70-day calculation.  18 U.S.C. § 3161 (h) (1); *United States v. Gonzales*, 897 F.2d 1312,

1315 (5th Cir. 1990). When analyzing a violation of the right to a speedy trial, the court considers (1) the length of delay, (2) the reason for the delay, (3) defendant's assertion of the right to a speedy trial, and (4) the prejudice resulting from the delay. *Barker v. Wingo*, 407 U.S. 514, 531-33 (1972).

A review of the record shows that Movant made his initial appearance on March 8, 2017. Through Counsel, Movant requested a 60-day continuance on April 12, 2017, a 60-day continuance on June 22, 2017, and a 7-day continuance on August 16, 2017. These motions were granted. Movant requested a total of 127 days between the three motions. Excluding the 127 days granted for Movant's continuances, which are excludable, his trial must have started prior to September 21, 2017, to comply with the Speedy Trial Act. It did – Movant's first day of trial was September 8, 2017; thus, the District Court did not violate the 70-day time period required by the Speedy Trial Act. 18 U.S.C. § 3161 (h) (1) (F). Accordingly, Counsel cannot be found to be ineffective for failing to pursue this claim. *See Emery v. Johnson*, 139 F.3d 191, 198 (5th Cir. 1997) (a futile or meritless objection cannot be grounds for a finding of deficient performance). "Failure to raise meritless objections is not ineffective lawyering; it is the very opposite." *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994). Furthermore, when Movant raised this at a status conference on August 24, 2017, the District Court noted that some delays were due to the Court's scheduling issues, and that Counsel's extensions were for the benefit of Movant "to see if there was a resolution that could be reached for your benefit with the government." Crim. ECF (Dkt. #159 at 15). Movant has neither shown deficient performance nor has he shown that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694.

**I.    Failure to Challenge Inconsistencies in the Indictment**

Movant states that the indictment did not charge the actual manufacture of methamphetamine.  (Dkt. #1 at 6, 27).  He claims that Counsel was aware of the discrepancy, did not challenge the indictment, and then pressured him into pleading guilty.  *Id.* at 6.

Movant is correct that the indictment charged Movant with a drug conspiracy.  The essential elements of a drug conspiracy are (1) an agreement by two or more persons to violate the narcotics laws, (2) a defendant's knowledge of the agreement, and (3) his voluntary participation in the agreement.  *United States v. Vargas-Ocampo*, 747 F.3d 299, 303 (5th Cir. 2014).  A review of the indictment shows that Movant was charged with "conspiracy to possess with the intent to manufacture and distribute methamphetamine." Crim. ECF (Dkt. # 23).  The first superseding indictment charged the exact same thing, "conspiracy to possess with the intent to manufacture and distribute methamphetamine." Crim. ECF (Dkt. # 36). Therefore, the Government did not have to prove that Movant actually possessed or manufactured methamphetamine – only that he was part of a conspiracy that possessed with the intent to manufacture methamphetamine.

Moreover, the court has already concluded that Movant voluntarily and knowingly pled guilty.  At his change of plea hearing, Movant stated his guilty plea was not a result of "force, threats, or promises by anyone."  Crim. ECF (Dkt. #164 at 11).  Movant fails to point to any evidence supporting an allegation that Counsel forced him to plead guilty.  In fact, the record contradicts this assertion.  *Id*.  Any objection Counsel would have filed would have been frivolous.  *Koch,* 907 F.2d at 527.

**J.    Counsel Acted Like a Prosecutor by Questioning Movant About the Facts**

Movant argues Counsel continually tried to get information from him during their meetings.

(Dkt. #1 at 6). He states that Counsel met with him to review the lab results but was questioning him concerning the quantities of methamphetamine. *Id.* Thus, Movant advances the claim that Counsel was acting like a prosecutor instead of defense counsel. *Id.*

As has already been noted, defense counsel must engage in a reasonable amount of pretrial investigation, and "at a minimum, . . . interview potential witnesses and . . . make an independent investigation of the facts and circumstances of the case." *Nealy*, 764 F.2d at 1177. He must also make a reasonable decision that further investigation is unnecessary. *Id.*; *Woodfox v. Cain*, 609 F.3d 774, 806 (5th Cir. 2010). By raising questions concerning the quantities of methamphetamine, Counsel was satisfying his duty to investigate the facts of the case. Movant fails to show error or prejudice. *Strickland*, 466 U.S. at 694.

### K.    Failure to Review the Discovery

Movant contends that Counsel failed to review the discovery with him and only delivered partial hard copies pertaining to Movant, in opposition to the court's order. (Dkt. #1 at 6). The record shows that Movant filed a *pro se* letter to the court requesting a hard copy of all the discovery in the case, and not just the portions that pertained to him. Crim. ECF (Dkt. #49). As a result, the Magistrate Judge conducted a hearing on the matter, and held that Movant could not have a hard copy of all the discovery because it was dangerous for him to have hard copies of the discovery in prison. Crim. ECF (Dkt. #165 at 7-9). Counsel was not acting contrary to a court order, and Movant fails to show that, but for Counsel's alleged deficient performance, the outcome of his case would have been different. *Strickland*, 466 U.S. at 694.

### L.    Failure to Prepare Movant to Testify

Movant asserts Counsel failed to prepare him to testify, placing him in fear of testifying on

his own behalf.  (Dkt. #1 at 6).  Although not clear, it appears that Movant is complaining that Counsel's failure to prepare him to testify resulted in him pleading guilty.  At his change of plea hearing, however, Movant admitted to the facts contained in his Factual Basis, stating that he was pleading guilty because he was, in fact, guilty.  Crim. ECF (Dkt. #164 at 22).  He stated he understood he was waiving his right to testify on his behalf.  *Id*. at 12-13.  At his change of plea hearing, Movant stated his guilty plea was not a result of "force, threats, or promises by anyone."  Crim. ECF (Dkt. #164 at 11).  Movant points to nothing in the record to show that Counsel coerced him into pleading guilty and prevented him from testifying at trial. *Strickland*, 466 U.S. at 694.  This issue is without merit.

**M.**      **Failure to Review the PSR with Movant and Object to the PSR**

Movant complains that Counsel did not review the PSR with him and failed to make objections to the PSR.  (Dkt. #1 at 7).  He also complains that Counsel was ineffective for not objecting to paragraph 18 of the PSR.

The record shows that at the sentencing hearing, Counsel stated that he had reviewed the PSR with Movant and Movant stated he fully understood it.  Crim. ECF (Dkt. #160 at 3-4).  The record shows that Counsel filed twenty-two objections to the PSR, eleven of which remained after the Probation Department resolved the others. Crim. ECF (Dkt. #126).  The District Court overruled the remaining objections at the sentencing hearing.  Crim. ECF (Dkt. #160 at 13-21).  As for failing to object to paragraph 18 of the PSR, paragraph 18  states, "The defendant was interviewed by the probation officer and admitted that the information contained in the Factual Basis was true and correct."  Crim. ECF (Dkt. #144 at 6).  At Movant's plea hearing, he stated that he agreed with the facts in the Factual Basis.  Crim. ECF (Dkt. #164 at 15).  Any objection would have been futile, and

Counsel cannot be held to be ineffective for failing to argue frivolous claims or file futile motions. *Koch*, 907 F.2d at 527. This issue is without merit.

### N. Counsel Provided Movant with Filthy Clothes on the Second Day of Trial

Movant states that he gave up on his trial after Counsel provided him with soiled clothing on the second day of trial. (Dkt. #1 at 7). First, Movant made no mention to the Court at trial about dirty clothing. Further, as has already been discussed, Movant pled guilty on the second day of trial. Crim. ECF (Dkt. #102). At his change of plea hearing held that same day, Movant provided an extensive account of his participation in the conspiracy. Crim. ECF (Dkt. #164 at 15-21). He also stated he was pleading guilty because he was guilty, and that his plea was voluntary. *Id.* at 22. He made no mention of his clothing at the time. Movant fails to show that, but for Counsel's alleged deficient performance, the outcome of his case would have been different. *Strickland*, 466 U.S. at 694.

### O. Failure to File Pretrial Motions

Movant claims Counsel should have filed pretrial motions, (Dkt. #1 at 7), but fails to specify what pretrial motions should have been filed and how any such motions would have changed the outcome of his case. Movant cannot show ineffective assistance of counsel by making conclusory allegations that his counsel failed to file motions. *Demik*, 489 F.3d at 647. At the first status conference, Counsel stated that he had researched the law and concluded that a motion to suppress evidence found during the execution of the search warrant would have been frivolous. Crim. ECF (Dkt. #159 at 5-8). The District Court agreed. *Id.* at 8. Movant fails to state what other pretrial motions Counsel should have filed or how they would have changed the outcome of his case. *Strickland*, 466 U.S. at 694.

**P.**     **Failure to Object to the Drug Amount at Sentencing**

Movant argues that he is entitled to relief because Counsel failed to object to the amount of drugs for which he was held responsible. (Dkt. #1 at 7). A failure to object does not constitute deficient representation unless a sound basis exists for objection. *See Emery v. Johnson*, 139 F.3d 191, 198 (5th Cir. 1997) (a futile or meritless objection cannot be grounds for a finding of deficient performance). Even with such a basis, however, an attorney may render effective assistance despite a failure to object when the failure is a matter of trial strategy. *See Burnett v. Collins*, 982 F.2d 922, 930 (5th Cir. 1993) (noting that a failure to object may be a matter of trial strategy as to which courts will not second-guess counsel). On habeas review, federal courts do not second-guess an attorney's decision through the distorted lens of hindsight, but rather, the courts presume that counsel's conduct falls within the wide range of reasonable professional assistance and, under the circumstances, that the challenged action might be considered sound trial strategy. *Strickland*, 466 U.S. at 689. Failure to make frivolous objections does not cause counsel's performance to fall below an objective level of reasonableness. *See Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998). A defendant must allege specifically what actions counsel should have taken and how such actions would have affected the outcome. A determination of ineffectiveness for failure to object depends on whether an objection would have been granted or sustained had it been made. *Oakley*, 827 F.2d at 1025. Merely asserting that he was prejudiced is not sufficient to satisfy the prejudice prong of *Strickland*. *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994).

The record shows that Movant stipulated to possessing with the intent to manufacture and distribute 500 grams or more of methamphetamine or 50 grams or more of methamphetamine (actual). Crim. ECF (Dkt. #101 at 1). The PSR stated that "the exact quantity of drugs that

[Movant] is responsible for is unknown; however he is held responsible for at minimum the 396.38 grams of 'Ice' and 32.66 kilograms of methamphetamine found in the clandestine methamphetamine laboratory where he was arrested." Crim. ECF (Dkt. #144 at 6). The District Court found the PSR to be reliable and adopted it. Crim. ECF (Dkt. #160 at 21-22). Moreover, the record shows that Counsel did object to the quantities, but the District Court overruled it. *Id*. at 5-13. This issue is meritless.

**Q.**    **Failure to Communicate with Movant**[2]

Movant claims Counsel failed to communicate with him and failed to file a motion asking the District Court not to accept his guilty plea based on discrepancies in the transcript from the plea hearing. (Dkt. #1 at 8). Movant states there were minor discrepancies in the translation of the words he used in Spanish at the plea hearing. *Id.* at 97-98. He specifically mentions the term, "fuel pump." *Id.* at 98. However, Movant fails to show how any discrepancies would have made a difference in his case. He again fails to show that, but for Counsel's alleged deficient performance, the outcome would have changed. *Strickland*, 466 U.S. at 694. Additionally, brevity of consultation time between a defendant and his attorney, alone, cannot support a claim of ineffective assistance of counsel. *Murray v. Maggio*, 736 F.2d 279. 283-84 (5th Cir. 1984). The issue is without merit.

**R.**    **Failure to Provide Full Discovery to Movant**

Movant complains that Counsel failed to provide to him, or allow him to review, the full discovery. (Dkt. #1 at 8). At his plea hearing, however, Movant stated he had discussed all factual

---

[2]The court has discussed Movant's issues in the order in which he presented them up to this point. However, Movant's issue that he labeled as "Q." concerns Appellate Counsel. Therefore, his last two issues that he presented under "R." and "S." concerning his trial attorney are considered next in order, and appear as issues "Q." and "R." Movant's Appellate Counsel claim (raised as "Q.") is discussed last, and appears as "S."

and legal issues in his case, understood everything, and was satisfied with Counsel's representation. Crim. ECF (Dkt. #164 at 5-6). He also agreed with the Government's summary of the facts of the case. *Id.* at 15. Finally, Movant fails to specify the discovery material that Counsel failed to provide to him and how it would have altered the outcome of his case. *Strickland*, 466 U.S. at 694.

**S.**    **Appellate Counsel's Failure to Communicate with Movant**

Finally, Movant claims that Appellate Counsel never communicated with him or answered his letters. Crim. ECF (Dkt. #1 at 8). Movant argues that Appellate Counsel failed to identify any issues on direct appeal. *Id*. at 40.

The Fifth Circuit has held that to prevail on a claim of ineffective assistance of counsel on appeal, the petitioner must make a showing that had counsel performed differently, there would have been revealed issues and arguments of merit on the appeal. *Sharp v. Puckett*, 930 F.2d 450, 453 (5th Cir. 1991), *citing Strickland*, 466 U.S. at 687. In a counseled appeal after conviction, the key is whether the failure to raise an issue worked to prejudice the defendant. *Sharp*, 930 F.2d at 453. This standard has been affirmed by the Supreme Court. *See Smith v. Robbins*, 528 U.S. 259, 285 (2000) (holding that the petitioner must first show that his appellate attorney was objectively unreasonable in failing to find arguable issues to appeal, and also a reasonable probability that, but for his counsel's unreasonable failure to file a merits brief raising these issues, he would have prevailed on his appeal). *See also Williams v. Taylor*, 529 U.S. 362 (2000); *Briseno v. Cockrell*, 274 F.3d 204, 207 (5th Cir. 2001).

Furthermore, an appellate counsel's failure to raise certain issues on appeal does not deprive an appellant of effective assistance of counsel where the petitioner did not show trial errors with arguable merit. *Hooks v. Roberts*, 480 F.2d 1196, 1198 (5th Cir. 1973). Appellate counsel is not

required to consult with his client concerning the legal issues to be presented on appeal.  *Id*. at 1197.

An appellate attorney's duty is to choose among potential issues, using professional judgment as to

their merits – every conceivable issue need not be raised on appeal.  *Jones v. Barnes*, 463 U.S. 745

(1983).   Again, brevity of consultation time between a defendant and his attorney, alone, cannot

support a claim of ineffective assistance of counsel.  *Murray*, 736 F.2d at  283-84.

Movant fails to provide any evidence showing that Appellate Counsel's alleged lack of

communication with him affected the outcome of his case.  *Hooks*, 480 F.2d at 1197.  Moreover, the

record shows that Appellate Counsel raised two issues on appeal:  the District Court violated Fed.

R. Crim. P. 11(b)(1)(G) by failing to ensure that he understood the nature of the charge against him;

and the District Court violated Fed. R. Crim. P. 11(b)(3), finding there was a sufficient factual basis

for his plea.  Crim. ECF (Dkt. #171 at 2).  Movant fails to show any trial errors with arguable merit.

*Hooks*, 480 F.2d at 1198.  He also has not shown that, had Appellate Counsel communicated with

him more, he would have prevailed on appeal.  *Sharp*, 930 F.2d at 453; *Murray*, 736 F.2d at 283-84.

In sum, Movant fails to show Appellate Counsel was objectively unreasonable in failing to find

arguable issues to appeal, and also a reasonable probability that, but for his unreasonable failure to

file a merits brief raising these issues, he would have prevailed on his appeal.   *Robbins*, 528 U.S.

at 285.   This issue is meritless.

## IV.  EVIDENTIARY HEARING

In Movant's Reply, he asks for an evidentiary hearing. (Dkt. #17).   Evidentiary hearings,

however,  are not required in federal habeas corpus proceedings. *See* Rule 8, *Rules Governing § 2255*

*Cases in the United States District Courts*; *see also McCoy v. Lynaugh*, 874 F.2d 954, 966-67 (5th

Cir. 1989).  Quite the contrary, "to receive a federal evidentiary hearing, a petitioner must allege

facts that, if proved, would entitle him to relief." *Wilson v. Butler*, 825 F.2d 879, 880 (5th Cir. 1987), *cert. denied*, 484 U.S. 1079 (1988). *See also Townsend v. Sain*, 372 U.S. 293, 312 (1963). "This requirement avoids wasting federal judicial resources on the trial of frivolous habeas corpus claims." *Wilson*, 825 F.2d at 880.

In nineteen issues, Movant argues his attorneys were ineffective. However, as shown above, he fails to meet his burden in showing he is entitled to relief based on ineffective assistance of counsel. The record is clear on these issues. Accordingly, Movant fails to show that he is entitled to an evidentiary hearing. *See United States v. Auten*, 632 F.2d 478, 480 (5th Cir. 1980) (noting that mere conclusory allegations are not sufficient to support a request for an evidentiary hearing).

## V.  CONCLUSION

In each of Movant's ineffective assistance of trial counsel claims, he fails to show that there is a reasonable probability that, but for Counsel's alleged errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. He also fails to show that he would not have pled guilty and taken his chances at trial. *Hill*, 474 U.S. at 57-59. Likewise, Movant fails to show in his ineffective assistance of appellate counsel claim that, had Appellate Counsel performed differently, there would have been revealed issues and arguments of merit on the appeal. *Sharp*, 930 F.2d at 453. Movant's issues are without merit, and he fails to show he is entitled to an evidentiary hearing. *Auten*, 632 F.2d at 480.

## VI.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Although Movant has not yet filed a notice of appeal, it is respectfully recommended

the District Court, nonetheless, address whether Movant would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, it is respectfully recommended reasonable jurists could not debate the denial of Movant's § 2255 motion on substantive or procedural grounds, nor find the issues presented are adequate to deserve encouragement to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is recommended the District Court find Movant is not entitled to a certificate of appealability.

## VII. RECOMMENDATION

It is recommended that the motion to vacate, set aside, or correct sentence be **DENIED**, the case be **DISMISSED** with prejudice, and an evidentiary hearing be **DENIED**. It is also recommended a certificate of appealability be **DENIED**.

Within fourteen days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)( C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 5th day of September, 2023.**


AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE

21