| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

CARLOS OCHOA-OROZCO, #26996-078 §
§
*versus* § CIVIL ACTION NO. 4:20-CV-518
§ CRIMINAL ACTION NO. 4:17-CR-47(2)
UNITED STATES OF AMERICA §

## MEMORANDUM OPINION AND ORDER

In a Motion for Relief From Judgment pursuant to Fed. R. Civ. P. 60(b) (#30), *pro se* Movant Carlos Ochoa-Orozco asks the Court to reconsider the denial of his Motion to Vacate, Set Aside, or Correct a Sentence filed pursuant to 28 U.S.C. § 2255 and the denial of a Certificate of Appealability.

### I. BACKGROUND

The above-entitled and numbered civil action was referred to United States Magistrate Judge Aileen Goldman Durrett, who issued a Report and Recommendation (#24) recommending that the Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed pursuant to 28 U.S.C. § 2255 should be denied and dismissed with prejudice. On September 26, 2023, no objections having been filed, the Court adopted the Report and Recommendation and issued its Order of Dismissal and Final Judgment (##27, 28). Six days later, on October 2, 2023, the Court received Movant's objections (#29). Movant stated that he executed his objections on September 22, 2023 (#29 at 12); thus, the objections were considered timely.[1] On October 19, 2023, the Court issued an Amended Order of Dismissal. (#31). After conducting a *de novo* review, the Court again adopted the Report and Recommendation, finding Movant's objections

---

[1] Movant states that he placed the objections in the prison mail system on April 15, 2022 (#29 at 13), which simply cannot be correct. The Report and Recommendation was not issued until September 5, 2023 – more than 16 months later. However, considering that Movant claimed to execute his objections on September 22, 2023, they are considered timely.

to be without merit. As noted in the Amended Order of Dismissal, to the extent Movant filed proper objections, such objections were simply reurging issues raised in Movant's § 2255 Motion. Additionally, a motion for a Certificate of Appealability was denied. On October 19, 2023, Movant filed the instant motion (#30), asking for relief pursuant to Fed. R. Civ. P. 60(b).

## II. DISCUSSION

Rule 60(b) is properly invoked to "to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989). The rule does not exist to be a vehicle for re-litigating old issues, presenting the case under new theories, obtaining a rehearing on the merits, or taking a "second bite at the apple." *Sequa Corp v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998). However, it allows a party to "question the correctness of a judgment." *Templet v. HydroChem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004). The rule for reconsideration of a final judgment allows a court to alter or amend a judgment because of (1) an intervening change in controlling law, (2) the availability of new evidence not available previously, (3) the need to correct a clear error of law or fact, or (4) to prevent a manifest injustice. *Schiller v. Physicians Resource Group, Inc.,* 342 F.3d 563, 567 (5th Cir. 2003).

Movant asks the Court to "Re-Open and Amend the 09/26/23 Denial Order and Judgment to reflect that Objections were timely filed." (#30 at 6). This request is moot as the Court addressed Movant's Objections in its Amended Order of Dismissal (#31). Movant also asks the Court to "Re-Open and Amend the Judgment to reflect what this honorable Court deems just and proper." (#30 at 6). This request will be denied as Movant fails to show manifest errors of law or fact or present newly discovered evidence. *Waltman*, 875 F.2d at 473. Furthermore, he fails to show (1) an intervening change in controlling law, (2) the availability of new evidence not

available previously, (3) the need to correct a clear error of law or fact, or (4) the need to prevent a manifest injustice. *Schiller,* 342 F.3d at 567. His motion is without merit.

It is therefore **ORDERED** that Movant's Motion for Rule 60(b) Relief from Judgment concerning the consideration of Movant's objections is **DENIED** as moot.

It is further **ORDERED** that Movant's Motion for Rule 60(b) Relief from Judgment concerning amending the Final Judgment in this case filed is **DENIED**. All motions by either party not previously ruled upon are **DENIED**.

**Signed this date**
Oct 25, 2023

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE